IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DREAGAN SYLVESTER DAVIS, § | | |
| TDCJ #1271774, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. 6:08cv237 | |
| § | | |
| TEXAS BOARD OF CRIMINAL § | | |
| JUSTICE, ET AL., § | | |
| Defendants. § | | |

**DEFENDANT LIVINGSTON'S MOTION FOR
SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Defendant Brad Livingston, by and through the Office of the Attorney General, and files his Motion for Summary Judgment with Brief in Support pursuant to FED. R. CIV. P. 56 and *Celotex Corp. v. Catrett*. In support thereof, Defendant respectfully offers the following:

**I. STATEMENT OF THE CASE**

Proceeding *pro se* and *in forma pauperis*, Texas prisoner Dreagan Sylvester Davis, #1271774, brought this suit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Defendant Livingston. Specifically, Plaintiff claims that he is strip-searched in the presence of female officers and that some of his property was confiscated without compensation. DOCKET ENTRY NO. 1. On November 25, 2008, the Court dismissed Plaintiff's claims against the Texas Board of Criminal Justice and the Texas Department of Criminal Justice, but allowed Plaintiff to proceed against Defendant Livingston. DOCKET ENTRY NOS. 37, 45. Defendant Livingston filed his Original Answer on November 24, 2008, asserting his entitlement to qualified immunity and Eleventh Amendment immunity. DOCKET ENTRY NO. 44.

## II.  MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, Defendant Livingston moves this Court to grant summary judgment in his favor because there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law.  Defendant moves for summary judgment on all issues.  Defendant relies on the following attached documents:

**Exhibit A:**   TDCJ Administrative Directive AD-03.22 (rev. 8)

## III.  THE UNDISPUTED MATERIAL FACTS

1. Plaintiff Dreagan Sylvester Davis, #1271774, was a prisoner confined in the Texas Department of Criminal Justice (TDCJ) at all times relevant to this lawsuit.  DOCKET ENTRY NO 1.

2. Defendant Brad Livingston was employed as the Director of the Texas Department of Criminal Justice at all times relevant to the claims brought against him.  DOCKET ENTRY NO. 44.

3. The Texas Department of Criminal Justice (TDCJ) is an agency of the State of Texas.  DOCKET ENTRY NO. 44.

4. At all times relevant to the claims brought against him, Defendant Livingston was acting under color of state law.

## IV.  ISSUES OF LAW

1. Whether Defendant Livingston had the requisite personal involvement to maintain a § 1983 action against him in his individual capacity.

2. Whether Plaintiff's claims for monetary damages against Defendant in his official capacity are barred by the Eleventh Amendment.

3.        Whether TDCJ's strip search policy is reasonably related to legitimate penological interests.

4.        Whether Defendant Livingston is entitled to qualified immunity as a matter of law.

## V.  BRIEF

**A.**      **SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Speaks v. Triodora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988). In order to be entitled to summary judgment, the moving party must establish the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). The applicable substantive law determines what factual issues are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment is precluded under Rule 56(c) only when the dispute is genuine and the disputed facts might affect the outcome of the suit. *Anderson,* 477 U.S. at 248; *Speaks*, 838 F.2d at 1438-39. To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. at 325; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996). A summary judgment movant who will not bear the burden of proof at trial may meet its initial burden of establishing that there is no genuine issue of material fact merely by pointing out the absence of evidence supporting the nonmoving party's case. *See Stults v. Conoco, Inc.*, 76 F.3d at 656; *Transamerica Ins. Co. v. Avenall*, 66 F.3d 715, 718-719 (5th Cir. 1995).

Once the moving party has carried that burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *See Exxon Corp. v. Baton Rouge Oil*, 77 F.3d 850, 853 (5th Cir. 1996); *Stults v. Conoco, Inc.*, 76 F.3d at 656. The party opposing summary judgment cannot establish a genuine issue of material fact by resting on the allegations made in his pleadings without setting forth specific facts establishing a genuine issue worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (internal citations omitted), *rehearing denied* 961 F.2d 215 (5th Cir. 1992), *cert. denied* 506 U.S. 825 (1992). "once defendants have made. . . sworn denials, summary judgment is appropriate unless plaintiff can produce significant evidence demonstrating the existence of a genuine fact issue." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984); FED. R. CIV. P. 56(e). "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Topalian*, 954 F.2d at 1131.

**B.    PERSONAL INVOLVEMENT**

A plaintiff bringing a civil rights claims under 42 U.S.C. § 1983 must establish a causal connection between the alleged constitutional deprivation and the defendant whom he would hold responsible; personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In an action against individual government defendants, a plaintiff must plead more than conclusory allegations which fail to set forth specific facts showing the basis of their claim. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996); *Elliot v. Perez*, 751 F.2d 1472 (5th Cir. 1985). Thus, plaintiffs bringing a civil rights action cannot simply make generalized allegations or assert legal or constitutional conclusions. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). To sustain his complaint, Plaintiff must instead state particular facts specifying the

personal involvement of each defendant. *Fee v. Herndon*, 900 F.2d 804 (5th Cir.) *cert. denied*, 498 U.S. 908 (1990).

Further, in § 1983 cases, supervisory officials are not liable for the acts or omissions of subordinates on any theory of vicarious liability. *Id.* Simply put, there is no *respondeat superior* liability under § 1983. *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 692, 98 S. Ct. 2018, 2037 (1978). Supervisory officials may be held liable only if: (1) they affirmatively participated in the acts that cause the constitutional deprivation; or (2) they implement unconstitutional policies that causally result in a plaintiff's injury. *Id.* at 304.

Plaintiff Davis has sued Defendant Livingston because of his position as Director of TDCJ and because he "wrote A.D. policy for the Institutional Division of T.D.C.J." DOCKET ENTRY NO. 1. In regard to his loss of property claims, Defendant Livingston had no personal involvement in the confiscation of Plaintiff's property. The only theory that would allow Plaintiff to pursue these claims against Livingston is that of *respondeat superior*, which is not available in § 1983 cases. As such, these claims must fail.

To the extent that Plaintiff is seeking damages for specific incidents of strip searches, Defendant Livingston also lacks the personal involvement to maintain a § 1983 action against him. Plaintiff makes no claims as to how Defendant Livingston had any involvement other than his supervisory role as the Director of TDCJ. As such, these claims must also fail.

**C.    ELEVENTH AMENDMENT**

The Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89 (1984); *Voisin's Oyster House, Inc., v. Guidry*, 799 F.2d 183,

185 (5th Cir. 1986). Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar. *Quern v. Jordan*, 440 U.S. 332 (1979). Further, Section 1983 does not override the Eleventh Amendment bar. *Id.*, at 342-45; *McDonald v. Bd. of Mississippi Levee Commissioners*, 832 F.2d 901, 906 (5th Cir. 1987). The Eleventh Amendment interposes a jurisdictional bar to suits against the State by private parties who seek monetary relief from the State in the form of damages. *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984).

Further, a suit against a state official in his official capacity is not against the official, but rather against the official's office and thus against the State itself. *Will v. Mich. State Police*, 491 U.S. 58, 71 (1989). As such, neither the State nor its officials acting in their official capacity are "persons" for the purpose of 42 U.S.C. § 1983. *Id.* And while the Eleventh Amendment does not foreclose claims for prospective injunctive relief against state officials on the ground that they are allegedly acting in their official capacities in a manner inconsistent with federal constitutional constraints, the party seeking such relief must name the individual state officials as parties to the suit. *Clay*, at 715. A party is jurisdictionally barred by the Eleventh Amendment from seeking injunctive relief from the State or a state agency in federal court. *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam).

To the extent that Plaintiff is seeking monetary damages from Defendant Livingston in his official capacity, his claims are barred by the Eleventh Amendment. To the extent that Plaintiff is seeking prospective injunctive relief from Defendant Livingston in his official capacity, those claims are addressed *infra*.

**D.     TDCJ'S SEARCH POLICY**

To the extent that Plaintiff contends that he has a constitutional right to be strip searched outside the presence of female officers, he is mistaken. The Supreme Court has mandated a standard of review for "prison regulations claimed to inhibit the exercise of constitutional rights." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 344 (1987) (First Amendment); *Turner v. Safley*, 482 U.S. 78, 89 (1987) (mail and marriage regulations). This Court must give great deference to prison administrators' judgments regarding jail security. *O'Lone*, 482 U.S. at 349; *Turner*, 482 U.S. at 89; *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994). The regulation need only be "reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. The Fifth Circuit has ruled that a male inmate being strip searched by a female officer when male officer was not available does not violate the plaintiff's constitutional rights as it is a legitimate penological interest. *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

Furthermore, there is no constitutional violation when a male inmate is strip searched in the presence of a female officer. The Fifth Circuit has ruled that security concerns can justify the strip search of a male inmate in front of female guards and the law is well-established that strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional. *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002); *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *see also*, *Tasby v. Lynaugh*, No. 04-40043, slip op. (5th Cir. 2005); *Jackson v. Dantzler*, No. 98-60667, slip op. (5th Cir. 1999).

Defendant has attached AD-03.22, TDCJ's Administrative Directive on Offender Searches, to this motion as EXHIBIT A. The only claim that Plaintiff can potentially maintain against Defendant

Livingston is a claim for prospective injunctive relief, alleging that Defendant Livingston is responsible for drafting an unconstitutional policy and seeking to change that policy. Administraive Directive 03.22 provides in part:

> Male offenders shall generally be searched by a male officer; however, in extraordinary circumstances and when approved by a supervisor, the search may be conducted by a female officer. If, under ordinary circumstances, a female officer is present in the vicinity of a male offender being strip searched, the female officer's duty is solely to provide security for the searching officer. The female officer shall not actively participate in the strip search.

EXHIBIT A at 2. TDCJ's search policy conforms to the Fifth Circuit and Supreme Court's standards and as such, the policy cannot be unconstitutional. *See Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002); *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992). Further, before the Court is the testimony of Warden Dewayne Dewberry, who testified at the *Spears* hearing in this case that the strip searches that Plaintiff complains about are important in maintaining security. *See* DOCKET ENTRY NOS. 30, 36, 37.

Plaintiff has failed to demonstrate how TDCJ's search policy, the policy Plaintiff contends was written by Livingston, is unconstitutional. To the extent that Plaintiff complains of individual instances of strip searches, he must bring those claims against the officers who conducted those searches as discussed *supra*. Plaintiff Davis's claims for injunctive relief must fail as a matter of law, as the competent summary judgment evidence before the Court demonstrates that TDCJ's search policy accords with the Fifth Circuit's and Supreme Court's holdings. Further, the evidence before the Court demonstrates that the policy is reasonably related to legitimate penological interests.

### E. QUALIFIED IMMUNITY

The doctrine of qualified immunity shields government officials performing discretionary functions from civil damages liability, provided their complained of actions meet the test of "objective legal reasonableness." *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982). Courts assess the "objective reasonableness" of an officer's actions in light of legal rules that were "clearly established" at the time those actions were taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). Government employees are presumptively entitled to the defense of qualified immunity and, once the defense is asserted, the burden shifts to the plaintiff to show that it does not bar his recovery. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989). To overcome Defendants' immunity, Plaintiff must: 1) state a claim for a violation of a constitutional right; 2) show that the constitutional right was established at the time of the actions at issue; and 3) demonstrate that Defendants' conduct was objectively unreasonable in light of the legal rules clearly established at the time of her actions. *Thomas v. City of Dallas*, 175 F.3d 358 (5th Cir. 1999). Plaintiff Davis cannot satisfy these requirements with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

As discussed *supra*, Plaintiff has failed to demonstrate the requisite personal involvement of Defendant Livingston and therefore has failed to state a claim for a violation of a constitutional right. Furthermore, even if this Court holds that TDCJ's search policy is unconstitutional, that was not the clearly established law at the time of the incidents giving rise to this suit. Plaintiff Davis bears the burden of overcoming Defendant's qualified immunity and he has failed to do so. As such, Defendant Livingston is entitled to summary judgment as a matter of law.

## VI.  CONCLUSION

Plaintiff Davis has failed to meet his burden of proof and will be unable to do so at trial. Furthermore, Plaintiff has failed to overcome Defendant Livingston's entitlement to qualified immunity and Eleventh Amendment immunity.  As such, Defendant Livingston asks this Court to grant summary judgment in his favor on all issues.

                Respectfully submitted,

                GREG ABBOTT
                Attorney General of Texas

                C. ANDREW WEBER
                First Assistant Attorney General

                DAVID S. MORALES
                Deputy Attorney General for Litigation

1           DAVID A. TALBOT, JR.,
                Assistant Attorney General
                Chief, Law Enforcement Defense Division

                <u>/s/Christopher Champion Wike</u>
                CHRISTOPHER CHAMPION WIKE
                Assistant Attorney General
                Attorney-In-Charge
                State Bar No. 24042155
                Southern District No. 38299

                P. O. Box 12548, Capitol Station
                Austin, Texas  78711
                (512) 463-2080
                Fax No. (512) 495-9139

                **ATTORNEYS FOR DEFENDANT LIVINGSTON**

## NOTICE OF ELECTRONIC FILING

I, CHRISTOPHER C. WIKE, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a copy of this **Defendant Livingston's Motion for Summary Judgment with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on January 23, 2009.

/s/Christopher Champion Wike
CHRISTOPHER CHAMPION WIKE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTOPHER C. WIKE, Assistant Attorney General, do hereby certify that a true and correct copy of the above and foregoing **Defendant Livingston's Motion for Summary Judgment with Brief in Support** has been served by placing same in the United States mail on January 23, 2009, addressed to:

Dreaglen Sylvester Davis, TDCJ #1271774
Coffield Unit
Route 1 Box 150
Tennessee Colony  TX  75884
***Appearing Pro Se***

/s/Christopher Champion Wike
CHRISTOPHER CHAMPION WIKE
Assistant Attorney General