


IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS TYLER DIVISION

DERAGLEN SYLVESTER DAVIS
VS.
THE TEXAS BOARD OF CRIMINAL JUSTICE ET, AL.

CIVIL ACTION NO. 6:08-CV-237
OBJECTIONS TO THE DEFENDANTS SUMMARY JUDGMENT/PERMISSION TO PROCEED TOWARD TRIAL

1. MY NAME IS DERAGLEN SYLVESTER DAVIS 1271774. I AM OVER THE AGE TWENTY-ONE, OF SOUND MIND, CAPABLE OF MAKING THIS AFFIDAVIT AND THE FOLLOWING INSTRUMENT OF MY OWN FREE WILL AND PERSONALLY ACQUAINTED WITH THE FACTS HEREIN STATED.

2. THE PLAINTIFF COMES NOW BEFOR THIS HONORABLE COURT FILING THESE OBJECTIONS TO THE DEFENDANTS SUMMARY JUDGMENT MOTION AND ASKS THIS HONORABLE COURT TO PROCEED TOWARD TRIAL.

3. THE PLAINTIFF'S FIRST OBJECTION TO THE DEFENDANTS SUMMARY JUDGMENT MOTION IS, THE DEFENDANT HAS FAILED IN PROPERLY NOTIFYING THE PLAINTIFF OF ITS INTENTION AND NOT ALLOWING THE PLAINTIFF THE FRCP 56'S 10-DAY NOTICE REQUIREMENT.

4. PURSUANT TO THE 5TH. CIR. 2003 RULING IN HS RES., INC V. WINGATE, 327 F.3d. 432, 441, "THE PURPOSE OF [FRCP 56'S 10-DAY NOTICE] REQUIREMENT IS SELF-EVIDENT; IT ENABLES THE NON-MOVANT TO PLACE ALL THE EVIDENCE SUPPORTING ITS POSITION INTO THE RECORD SO THAT A REVIEWING COURT CAN DECIDE WHETHER THE NON-MOVANT HAS DEMONSTRATED THE EXISTENCE OF A GENUINE DISPUTE REGARDING A MATERIAL FACT." (INTERNAL QUOTES OMITTED).) SEE

ALSO, ROGAN V. MENINO, 175 F.3d. 75, 79 (1st. CIR. 1999); COUNCIL OF WIL-MINGTON 355 F.3d. 215, 222 (3d CIR. 2004).

5. SINCE THE DEFENDANT HAS FAILED TO PROPERLY NOTIFY THE PLAINTIFF OF HIS INTENTIONS, BY LAW THE DEFENDANTS MOTION FOR SUMMARY JUDGMENT WITH BRIEF IS VOID AND SHOULD NOT BE ENTERTAINED IN ANY FASHION. [THE MERE ANNOUNCEMENT THAT THE COURT MIGHT DISMISS THE NON-MOVANT AT THE FINAL PRETRIAL CONFERENCE FALLS WELL SHORT OF THE "SPECIFIC NOTICE" TO WHICH PARTIES ARE ENTITLED UNDER FRCP 56.] GIBSON V. MAYOR + COUNCIL OF WILMINGTON 355 F.3d 215, 222 (3d. CIR. 2004)

6/1. THE PLAINTIFF FURTHER OBJECTS TO THE DEFENDANTS CLAIM OF IMMUNITY GIVEN TO HIM BY THE 11TH (ELEVENTH) AMENDMENT OF THE UNITED STATES CONSTITUTION.

7/2. "THE DEFENDANT DOES NOT HAVE ANY 11TH AMENDMENT IMMUNITY." THIS QUESTION OF LAW AND FACT HAS BEEN ANSWERED BY THIS HONORABLE COURT IN DOCUMENT 37, IT STATES INPART; THE PLAINTIFF MAY NOT PROCEED WITH HIS CLAIM AGAINST THE TEXAS BOARD OF CRIMINAL JUSTICE AND THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ALTHOUGH HE MAY PROCEED WITH HIS CLAIM AGAINST EXECUTIVE "BRAD LIVINGSTON" DIRECTOR.

8/3. THESE RECOMMENDATIONS WERE BASED ON EARLIER 5TH. CIR. DECISIONS AND THE DECISION OF THE SUPREME COURT IN EXPARTE YOUNG 206 U.S. 123; 28 S.CT. 441 (1908).

9/4. THE LAW HAVE NOT BEEN CHANGED FROM THAT DECISION TO THE DECISION OF MAYFIELD V. TEXAS DEPT. OF CRIMINAL JUSTICE 527 F.3d. 599, 604-05 (5TH CIR. 2008) (A HUNDRED YEARS LATER ITS STILL THE SAME).

10/5. SO, WHY DOES THE DEFENDANT CONTINUE THIS CHARADE ABOUT AN 11TH AMENDMENT IMMUNITY PROTECTION. HE SPEAKS AS THOUGH, THIS HONORABLE COURT

DOES NOT KNOW OR CARE TO FOLLOW THE LAW THAT HAS BEEN SENT DOWN AS A GUIDE OR FOUNDATION BY THE HONORABLE 5TH CIR. COURT OR THE GREAT AND HONORABLE SUPREME COURT OF THE UNITED STATES OF AMERICA.

11/6. "THE DEFENDANTS' CLAIM OF 11TH AMEND. IMMUNITY SHOULD BE CONSIDERED FRIVOLOUS AND DISMISSED IMMEDIATELY."

12/1. THE PLAINTIFF'S NEXT OBJECTION IS TO THE DEFENDANTS CLAIM OF OF QUALIFIED IMMUNITY.

QUESTION OF LAW.

DOES THE DEFENDANT "BRAD LIVINGSTON" (EXECUTIVE DIRECTOR OF T.D.C.J.) HAVE QUALIFIED IMMUNITY FROM "THIS LAWSUIT"?

13/2. QUALIFIED IMMUNITY IS A VERY GOOD DEFENSE, THE DEFENDANT IS SUPPOSE TO USE THIS DEFENSE BUT ONLY IF IT TRULY APPLIES TO HIM. HERE, IN THIS PARTICULAR LAWSUIT IT DOES NOT APPLY TO HIM.

14/3. QUALIFIED IMMUNITY "PROTECTS ALL PUBLIC OFFICIALS WHO DO NOT KNOW OR DO NOT TRY TO VIOLATE A PERSONS STATUTORY OR CONSTITUTIONAL RIGHTS" YET, THE DEFENDANT DOES NOT HAVE EITHER OF THESE TRAITS.

15/4. HERE IS HOW WE KNOW. FIRST, HIS CREDENTIALS.

(A). ACCORDING TO GOV'T. CODE ART. 493.006 (A) AND (b) ENTITLED EXECUTIVE DIRECTOR. (A) READS; THE BOARD SHALL EMPLOY AN "EXECUTIVE DIRECTOR" WHO POSSESSES THE FOLLOWING "MINIMUM QUALIFICATIONS": (1) FIVE YEARS EXPERIENCE IN THE FIELD OF CORRECTIONS IN AN "ADMINISTRATIVE CAPACITY"; (2) THREE YEARS EXPERIENCE IN THE FIELD OF CORRECTIONS IN AN "ADMINISTRATIVE CAPACITY" AND A GRADUATE DEGREE FROM AN INSTITUTION OF HIGHER EDUCATION IN PENOLOGY OR A RELATED FIELD; OR (3) SEVEN YEARS EXPERIENCE IN "MANAGEMENT" OR "ADMINISTRATION OF A GOVERNMENT AGENCY", INSTITUTION OF HIGHER EDUCATION, OR BUSINESS ENTERPRISE OF SIZE COMPARABLE TO THE DEPARTMENT.

15/4. (B) JUDGING BY THE MERE "MINIMUM QUALIFICATIONS" SET OUT BY LEGISLATURE, THE DEFENDANT DEFINITELY KNOWS OR SHOULD HAVE KNOWN THE NEEDS FOR RUNNING A SAFE PRISON "WITHOUT VIOLATING A PERSONS CONSTITUTIONAL AND STATUTORY RIGHTS." CERTAINLY, THE BOARD OF CRIMINAL JUSTICE WOULD NOT HAVE HIRED AN EXECUTIVE DIRECTOR WHO DID NOT MEET THESE QUALIFICATIONS (MINIMUM) OR EXCEED THESE MINIMUM QUALIFICATIONS. "IN SHORT, THE DEFENDANT KNEW ABOUT THESE WRONGS BEFOR THEY EVER HAPPENED. NOW THAT THEY HAVE HE MUST BE HELD RESPONSIBLE JUST LIKE THE LAW SAYS HE SHOULD."

16/5. WHAT LAW SAYS THE EXECUTIVE DIRECTOR IS RESPONSIBLE? GOV'T. CODE 493.006 ENTITLED EXECUTIVE DIRECTOR, SECTION (b), IT READS; THE EXECUTIVE DIRECTOR IS RESPONSIBLE FOR THE ADMINISTRATION AND ENFORCEMENT OF "ALL" "LAWS" RELATING TO THE DEPARTMENT INCLUDING RULES IMPLEMENTED BY THE DEPARTMENT BUT MAY DELEGATE THOSE RESPONSIBILITIES AS PERMITTED BY BOARD RULE OR GENERAL LAW."

17/6. FOR THE PURPOSE OF A 42 USC§1983 COMPLAINT TO BE FULFILLED, THERE MUST BE A CONSTITUTIONAL VIOLATION OF MAGNITUDE TO SUFFICE THE REQUIREMENTS OF THIS TYPE OF COMPLAINT. DO WE HAVE A CONSTITUTIONAL VIOLATION OF THIS MAGNITUDE?

18/7. YES, WE DO. ACCORDING TO THE HONORABLE 5TH CIR. COURT ANNOUNCED THAT; THEY HAVE RECOGNIZED THAT THE FOURTH AMENDMENT PROTECTS PRISONERS FROM SEARCHES AND SEIZURES THAT GO BEYOND LEGITIMATE PENOLOGICAL INTERESTS. (HUTCHINS V. MCDANIELS 512 F.3d. 193, 196 (5TH CIR. 2007).

19/8. THE 5TH CIR. COURT ANNOUNCED THAT; THEY HAVE ALSO RECOGNIZED THAT A STRIP SEARCH BY A PRISON GUARD CAN RISE TO THE LEVEL OF A FOURTH AMENDMENT VIOLATION. (HUTCHINS V. MCDANIELS 512 F.3d. 193, 196 (5TH CIR. 2007);

MOORE V. CALDWELL 168 F.3d, 234, 237 (5TH CIR. 1999); ELLIOTT V. LYNN 38 F.3d, 188, 191 n3 (5TH CIR. 1994).

20/9. THE PLAINTIFF WILL NOW SHOW THIS HONORABLE COURT THROUGH A HAND DRAWN EXHIBIT TO BETTER EXPLAIN "WHERE THESE STRIP SEARCHES/ BODY CAVITY SEARCHES TAKE PLACE. PLEASE SEE EXHIBIT "A".

21/10. WHY ARE THE CORRECTIONAL OFFICERS PERFORMING THESE STRIP SEARCHES IN THE MIDDLE OF THE HALLWAY THAT OFFICERS AND NONE OFFICERS ARE USING? BECAUSE THE DEFENDANT "BRAD LIVINGSTON" HAS BLATANTLY DISREGARDED TO FULLY DIRECT HIS TROOP IN THE POLICY A.D. 03.22, AS TO "WHERE" TO PERFORM THESE DEGRADING AND HUMILIATING SEARCHES.

22/11. IF YOU PLAINLY STATE IN YOUR POLICY A.D. 03.22 ON PAGE 2, UNDER PROCEDURES, SECTION II, A. THAT WHEN FEMALES ARE STRIPPED SEARCHED NO MALE OFFICERS SHALL BE PHYSICALLY OR VISUALLY PRESENT. CERTAINLY MALE INMATES HAVE EQUAL RIGHTS AS FEMALE INMATES. FOURTEENTH AMEND. U.S. CONSTITUTION.

23/12. EVEN LEGISLATURE HAS TOLD THE DEFENDANT HOW TO WRITE A POLICY FOR THE INSTITUTIONAL DIVISION PERTAINING TO INMATES. WHERE DO YOU FIND THIS? ITS ON THE VERY FACE OF THE POLICY A.D. 03. 22 ITSELF. LOOK UNDER THE AUTHORITY SECTION AND YOU'LL FIND 494.0 02 (A), TEXAS GOV'T. CODE, READS CLEARLY; THE DIRECTOR OF INSTITUTIONAL <u>DIVISION MAY ADOPT POLICIES GOVERNING THE HUMANE TREATMENT, TRAINING, EDUCATION, REHABILITATION AND DISCIPLINE OF INMATES.</u>

24/13. THE DEFENDANT DEFINITELY KNEW THAT THERE ARE STATUTORY AND CONSTITUTIONAL LAWS OF VARIOUS KINDS AND NUMBERS IN/WHEN THIS POLICY WAS WRITTEN. THIS POLICY WAS SIGNED BY HIS VERY OWN DEPUTY EXECUTIVE DIRECTOR E.D OWENS FOR "<u>GOD</u>" SAKE. HE KNEW!

25/14. THERE IS NO DOUBT THAT THE DEFENDANT DOES NOT HAVE QUALIFIED IMMUNITY BECAUSE HE KNEW PRECISELY WHAT HE WAS DOING. HE DELIBEATELY LEFT OUT A VERY IMPORTANT PART OF THIS POLICY, THEN HE CREATES A DOUBLE STANDARDS WHEN HE PUT IN A PROVISION THAT SHOULD BE EQUAL FOR BOTH SEX, MALE AND FEMALE. BY LAW HE SIMPLY DON'T HAVE QUALIFIED IMMUNITY THIS LINE OF DEFENSE IS FRIVOLOUS AS WELL AND SHOULD BE DISMISSED IMMEDIATELY.

26/1. THE PLAINTIFF BRING HIS LAST OBJECTION/RECOGNITION THAT THE DEFENDANT HAS OMITTED TO DISCUSE MY COMPLAINT ABOUT MY PERSONAL PROPERTY BEING WRONGFULLY CONFISCATED WITHOUT COMPENSATING THE PLAINTIFF.

27/2. THE PLAINTIFF SEES NO REASON NOT TO CONTINUE TOWARD TRIAL WITH ALL CLAIMS SINCE THE PLAINTIFF WOULD STILL BE LEGALLY ADMITTED TO PROCEED, REGARDLESS WITH THE WRONGFULLY CONFISCATION OF MY PERSONAL PROPERTY.

28/3. SINCE THE DEFENDANT HAS NOT OBJECTED OR SAID ANYTHING REGARDING THE PERSONAL PROPERTY COMPLAINT, HE MUST BE TAKING FULL RESPONSIBILITY.

29/4. THE PLAINTIFF HAS SHOWN BEYOND ANY DOUBT THAT THE DEFENDANT HAS NOT PROPERLY NOTIFIED THE PLAINTIFF ACCORDING TO RULE 56 (FRCP); THE DEFENDANT CERTAINLY DOES NOT HAVE AN 11TH AMEND. IMMUNITY; NOR DOES THE DEFENDANT HAVE QUALIFIED IMMUNITY IN THIS SUIT, THE POLICY AND THE ACTIONS OF THE CORRECTIONAL OFFICERS SPEAKS FOR IT SELF. THE DEFENDANT IS GUILTY OR SHOULD BE TRIED TO SEE IF THE PUBLIC SEES IF HE'S GUILTY.

## PRAYER

THE PLAINTIFF PRAYS THAT THIS HONORABLE COURT SEE THE TRUTHS IN THESE OBJECTIONS AND SUSTAIN EACH OBJECTION AND ALLOW THIS CASE TO PROCEED TOWARD THE NEXT STEP, MAYBE THE PARTIES INVOLVED CAN REACH A COMPROMISE WE BOTH WILL BE HAPPY WITH.

RESPECTFULLY SUBMITTED,

[illegible]

DATE: JANUARY 29, 2009

DAREGLEN S. DAVIS
1271774 Y-215B
ROUTE 1, BOX 150
TENN. COLONY, TX. 75884
903-928-2211 (006)
PRO SE LITIGANT

## CERTIFICATE OF SERVICE

I, DAREGLEN SYLVESTER DAVIS, 1271774 CERTIFY THAT A TRUE AND CORRECT COPY OF THIS INSTRUMENT HAS BEEN SENT TO THE DEFENDANTS ATTORNEY CHRISTOPHER C. WIKE BY PLACING IN THE INMATE MAIL BOX FOR THE PURPOSE OF DELIVERY BY THE UNITED STATES POSTAL SERVICE TO; CHRISTOPHER C. WIKE, P.O. BOX 12548, CAPITOL STATION, AUSTIN, TX. 78711


PILL WINDOW
NURSES WORK HERE
PATIO FOR OUTSIDE BUILDINGS
SHOWER ROOM
LAUNDRY
PATIO
DOOR COMING IN TO CHOW HALL
DOOR COMING OUT OF CHOW HALL
DOOR COMING OUT OF CHOW HALL
DOOR COMING IN TO CHOW HALL
PRISONERS WALK INSIDE OF THESE LINES
25 OR MORE AT ONE TIME CONSTANTLY DURING MEAL TIMES
P3 CELL BLOCK AND COMMISSARY GO THROUGH CRASH GATE
("EXHIBIT" "A")
THIS HALLWAY IS USED BY OFFICERS AND NONE OFFICERS AND THE STRIP SEARCHES ARE PERFORMED EVERY WHERE YOU SEE AN "X" SIGN ALL WHILE PEOPLE ARE MOVING UP AND DOWN THIS HALLWAY BY OFFICERS AND NONE OFFICERS SUCH AS
X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X X
("EXHIBIT" "A")
MAIL ROOM WORKERS "USE THIS HALLWAY"
NURSES + OTHER MED. STAFF " "
TEACHERS AND ASSOC. " "
MAINTENANCE WORKERS " "
COMMISSARY WORKERS "
AND OTHER NONE OFFICERS USE THIS HALLWAY DURING THESE STIP SEARCHES. NOT INCLUDING THE FEMALE OFFICERS THAT ARE PRESENT AND PERFORMING THESE STRIP SEARCHES IN A NONE EMERGENCY SITUATION
P4 CELL BLOCK AND COMMISSARY GO THROUGH CRASH GATE
PRISONERS WALK INSIDE OF THESE LINES 25 OR MORE AT ONE TIME CONSTANTLY DURING MEAL TIMES
NECESSITY ROOM
PATIO FOR LAW LIBRARY
SCHOOL BUILDING, LIBRARY, CRAFT SHOP MOSTLY NONE OFFICERS WORK HERE
MAJORS OFFICE
PATIO

DERAGLEN S. DAVIS
1271774 Y-215B
ROUTE 1, BOX 150
TENN. COLONY, TX. 75884

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
211 W. FERGUSON ST.
TYLER, TX. 75702