IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| DREAGAN SYLVESTER DAVIS, | § | |
|---|---|---|
| TDCJ #1271774, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | Civil Action No. 6:08cv237 |
| | § | |
| TEXAS BOARD OF CRIMINAL | § | |
| JUSTICE, ET AL., | § | |
|     Defendants. | § | |

**DEFENDANT LIVINGSTON'S SUPPLEMENTAL MOTION FOR
SUMMARY JUDGMENT WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Defendant Brad Livingston, by and through the Office of the Attorney General, and files his Supplemental Motion for Summary Judgment with Brief in Support pursuant to FED. R. CIV. P. 56 and *Celotex Corp. v. Catrett*. In support thereof, Defendant respectfully offers the following:

**I. STATEMENT OF THE CASE**

Proceeding *pro se* and *in forma pauperis*, Texas prisoner Dreagan Sylvester Davis, #1271774, brought this suit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated by Defendant Livingston. Specifically, Plaintiff claims that he is strip-searched in the presence of female officers and that some of his property was confiscated without compensation. DOCKET ENTRY NO. 1. On November 25, 2008, the Court dismissed Plaintiff's claims against the Texas Board of Criminal Justice and the Texas Department of Criminal Justice, but allowed Plaintiff to proceed against Defendant Livingston. DOCKET ENTRY NOS. 37, 45. Defendant Livingston filed his Original Answer on November 24, 2008, asserting his entitlement to qualified immunity and

Eleventh Amendment immunity. DOCKET ENTRY NO. 44. On February 5, 2009, the Court ordered Defendant to file a supplemental motion for summery judgment addressing *Hutchins v. McDaniels*, 512 F.3d 193 (5th Cir. 2007) and *Allen v. Thomas*, 388 F.3d 147 (5th Cir. 2004). DOCKET ENTRY NO. 66.

## II. MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett*, Defendant Livingston moves this Court to grant summary judgment in his favor because there is no genuine issue as to any material fact and he is entitled to judgment as a matter of law. Defendant moves for summary judgment on all issues and hereby incorporates his original Motion for Summary Judgment and the evidence attached to it to this supplemental motion. *See* DOCKET ENTRY NO. 61. Defendant relies on the following attached documents:

**Exhibit A:** Affidavit of Assistant Warden Kevin Wheat

## III. BRIEF

**A.** *Hutchins v. McDaniels*

Plaintiff complains of TDCJ's strip search policy in so much that strip searches are allegedly conducted in the presence of female employees and other inmates who may be sexual predators. *See* DOCKET ENTRY NO. 18. The Fifth Circuit has most recently addressed the issue of cross-gender strip searches in *Hutchins v. McDaniels*, 512 F.3d 193 (5th Cir. 2007). In *Hutchins*, the trial court dismissed the plaintiff's Fourth Amendment claims pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim, and further noted that the plaintiff's claims were barred by 42 U.S.C. § 1997e(e) because no physical injury was alleged. *Hutchins*, 512 F.3d at 195. The Fifth Circuit held that the trial court had applied an incorrect standard by addressing the claims under the Eighth Amendment

instead of the Fourth Amendment. *Id.* The Fifth Circuit then notes that the correct standard for addressing this plaintiff's cross-gender strip search claim is found in *Moore v. Carwell*, 168 F.3d 234 (5th Cir. 1999). The *Moore* case held specifically that a strip and cavity search of a male prisoner, carried out in non-emergency situations by a female guard could give rise to a Fourth Amendment claim. *Moore*, 168 F.3d at 235-37.[1] In reversing the *Hutchins* case, the Fifth Circuit creates no new case law that controls in the case at hand, as Defendant is not seeking dismissal based on 28 U.S.C. § 1915A(b), nor does Defendant assert that the case should be dismissed pursuant to 42 U.S.C. § 1997e(e).

In *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002), the Fifth Circuit held that security concerns can justify the strip search of a male inmate in the presence of a female guard. While *Oliver* does not address the specific claims of an inmate being strip searched in front of other inmates, it clearly holds to the principle that any minimal invasion of privacy is justified by the State's interest in promoting security. *Id.* at 743; *see also Hudson v. Palmer*, 468 U.S. 517, 527 (1984) (holding that a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates required to ensure institutional security).

Defendant has attached the affidavit of Kevin Wheat, Assistant Warden at the Coffield Unit as EXHIBIT A. Warden Wheat testifies that safety and security concerns prevent an inmate from having complete privacy during a strip search, whether from female officers or other inmates. EXHIBIT A. Warden Wheat further testifies that TDCJ has put into place procedures to address an

---

[1] The Fifth Circuit in *Moore* only addresses searches that are conducted by female officers. Because Plaintiff Davis only alleges that the strip searches occurred in the presence of female officers, Defendant maintains that the controlling case law is found in *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002). *See also Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992).

inmate's being harassed or assaulted by other inmates. *Id.* The affidavit of Warden Wheat clearly shows that TDCJ's strip search policy is reasonable and promotes the State's interest in maintaining security.

To the extent that Plaintiff Davis is suing Defendant Livingston in his official capacity, his relief is limited to injunctive relief pursuant to the Eleventh Amendment. *Aguilar v. TDCJ*, 160 F.3d 1052. 1054 (5th Cir. 1998). To the extent that Plaintiff is suing Defendant in his individual capacity, Defendant Livingston may only be held liable for implementing a policy that is itself a repudiation of constitutional rights and the moving force of the constitutional violation. *Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985). As discussed *supra*, TDCJ's strip search policy promotes the State's interest in prison security and does repudiate Plaintiff Davis' limited constitutional right to privacy. The Fifth Circuit has addressed this policy on multiple occasions and has never found it unconstitutional. *See Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002); *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *see also*, *Tasby v. Lynaugh*, No. 04-40043, slip op. (5th Cir. 2005); *Jackson v. Dantzler*, No. 98-60667, slip op. (5th Cir. 1999).

**B.** *Allen v. Thomas*

Plaintiff Davis contends that some of his property was confiscated pursuant to policy because it had been altered. *See* DOCKET ENTRY NO. 18. The Fifth Circuit addressed the issue of the confiscation of an inmate's property in *Allen v. Thomas*, 388 F.3d 147 (5th Cir. 2004), but in a different context than the case at hand. In *Allen*, the Fifth Circuit reversed the trial court's dismissal because the trial court improperly applied *Parratt/Hudson* doctrine (*see Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981)). Furthermore, *Allen* addresses the confiscation

of an inmate's property in the context of procedural due process. Plaintiff Davis does not plead that he was denied procedural due process in the confiscation of his admittedly broken property, but rather uses it as an example of slavery to promote his Thirteenth Amendment claims. DOCKET ENTRY NO. 1. Defendant maintains that the Fifth Circuit did not create any new case law in *Allen* that bears on the case at hand.

As discussed *supra*, to the extent that Plaintiff Davis is suing Defendant Livingston in his official capacity, his relief is limited to injunctive relief pursuant to the Eleventh Amendment. *Aguilar v. TDCJ*, 160 F.3d 1052. 1054 (5th Cir. 1998). To the extent that Plaintiff is suing Defendant in his individual capacity, Defendant Livingston may only be held liable for implementing a policy that is itself a repudiation of constitutional rights and the moving force of the constitutional violation. *Grandstaff v. City of Borger*, 767 F.2d 161, 169 (5th Cir. 1985). In assessing a prison regulation or policy, the Supreme Court's *Turner* standard applies and the regulation need only be "reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987).

In his affidavit, Warden Wheat addresses the legitimate penological interest of the State in confiscating altered property. EXHIBIT A. Warden Wheat testifies that inmates are not allowed to possess items that are not in their original condition, whether they are altered on purpose or through normal use, because altered items may be turned into weapons and create other security concerns on the unit. *Id.*

As stated *supra*, Plaintiff does not complain of the due process he received in the confiscation of these items.[2] Warden Wheat's affidavit clearly sets forth the State's reasonable interest in the property policy and as such, Plaintiff Davis' claims against Defendant Livingston must fail.

## IV.  CONCLUSION

Plaintiff Davis has failed to meet his burden of proof and will be unable to do so at trial. Furthermore, Plaintiff has failed to overcome Defendant Livingston's entitlement to qualified immunity and Eleventh Amendment immunity.  As such, Defendant Livingston asks this Court to grant summary judgment in his favor on all issues.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Litigation

DAVID A. TALBOT, JR.,
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/Christopher Champion Wike
CHRISTOPHER CHAMPION WIKE
Assistant Attorney General
Attorney-In-Charge
State Bar No. 24042155
Southern District No. 38299

---

[2] Even if Plaintiff Davis were complaining that his procedural due process rights were violated, Defendant contends that Plaintiff received adequate due process through the grievance system.  Further, Defendant contends that he is not a proper party against whom Plaintiff could bring these claims.

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANT
BRAD LIVINGSTON**

## NOTICE OF ELECTRONIC FILING

I, CHRISTOPHER C. WIKE, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a copy of this **Defendant Livingston's Supplemental Motion for Summary Judgment with Brief in Support** in accordance with the Electronic Case Files System of the Eastern District of Texas, on March 5, 2009.

/s/Christopher Champion Wike
CHRISTOPHER CHAMPION WIKE
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, CHRISTOPHER C. WIKE, Assistant Attorney General, do hereby certify that a true and correct copy of the above and foregoing **Defendant Livingston's Supplemental Motion for Summary Judgment with Brief in Support** has been served by placing same in the United States mail on January 23, 2009, addressed to:

Dreaglen Sylvester Davis, TDCJ #1271774
Coffield Unit
Route 1 Box 150
Tennessee Colony TX 75884
*Appearing Pro Se*

/s/Christopher Champion Wike
CHRISTOPHER CHAMPION WIKE
Assistant Attorney General