RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 23 2009
DAVID J. MALAND, CLERK

In the United States District Court For The Eastern District Of Texas Tyler Division

| | |
|---|---|
| Dreaglen Sylvester Davis<br>vs.<br>Texas Board of Criminal Justice et, al. | Civil Action No. 6:08-CV-237<br>Supplemental Response/Further Objections to Defendants Motion For Summary Judgment Filed By Brad Livingston (Defendant) |

1. My name is Dreaglen Sylvester Davis #271774. I am over the age twenty-one, of sound mind, capable of making this affidavit and the following instrument of my own free will and personally acquainted with the facts herein stated.

2. The Plaintiff comes now before this Honorable Court filing a Supplemental Response/Further Objections to the Defendants Motion For Summary Judgment.

3. The Plaintiff's first objection to the Defendants Supplemental Motion For Summary Judgment comes from page 2, section intitled III. Brief, second sentence. The Fifth Circuit has most recently addressed the issue of cross gender strip searches in Hutchins v. McDaniels 512 F.3d. 193 (5th Cir. 2007).

4. In Hutchins v. McDaniels, <u>the Fifth Circuit addressed strip searches done by correctional officers in general, not just cross gender strip searches.</u> It states very clearly; <u>we have recognized that the Fourth Amendment protects prisoners from searches</u>

THAT GO "BEYOND" PENALOGICAL INTEREST." "SEARCHES OF PRISONERS" "MUST BE CONDUCTED" "IN A MANNER REASONABLE UNDER THE "FACTS" AND "CIRCUMSTANCES" IN WHICH THEY ARE PERFORMED." SEE ALSO Moore v. Carwell 168 F.3d.234,237 (1999 5THCIR.)

5. THE TRUE ISSUE IN THE PRESENT CASE BEFORE THIS HONORABLE COURT IS, IF A CORRECTIONAL OFFICER STRIP SEARCH (BODY CAVITY SEARCH) AN INMATE, ON THE MAIN HALLWAY, IN FRONT OF WOMEN (NON-OFFICERS AND OFFICERS), SEXUAL PREDITORS IN THE INMATE POPULATION, AND OTHERS, "IN A "NONE EMERGENCY" SITUATION", DOES THIS GO BEYOND A TRUE PENALOGICAL INTEREST? ANSWER: IT CERTAINLY DOES GO FAR BEYOND A LEGITIMATE PENALOGICAL INTEREST.

6. WHERE DID THE CORRECTIONAL OFFICER GET THE AUTHORITY TO DO SUCH A THING/CRIME AGAINST A STATE PRISONER? ANSWER: FROM THE T.D.C.J. POLICY, ADMINISTRATIVE DIRECTIVE 03.22, WROTE BY MR. ED OWENS DEPUTY EXECUTIVE DIRECTOR, APPROVED BY (DEFENDANT) BRAD LIVINGSTON EXECUTIVE DIRECTOR OF T.D.C.J., HIRED BY THE BOARD OF CRIMINAL JUSTICE."

7. WHO SHOULD BE HELD LIABLE FOR VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, THE CORRECTIONAL OFFICER, DOING HIS JOB/WHAT HE'S TOLD TO DO OR THE POLICY WRITER/OVERSEER WHO GIVES THE CORRECTIONAL OFFICER AUTHORITY? ANSWER: CERTAINLY THE POLICY WRITER/OVERSEER BECAUSE HE'S THE ONE GIVING THE AUTHORITY TO THE CORRECTIONAL OFFICER.

8. WHAT TYPE OF RELIEF IS THE PLAINTIFF ENTITLED TO BY LAW? ANSWER: THE FIFTH CIRCUIT HAS ADDRESSED THE TYPE OF RELIEF/DAMAGES A VICTIM WHO'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED MAY RECEIVE.

It has been stated very clearly in Hutchins v. McDaniels 512 F.3d. 193, 197 (5th Cir. 2007) that, "In several unpublished opinions we have relied on Williams to hold that §1997e(e) does not bar <u>a prisoner's ability to "recover nominal damages" for a constitutional violation.</u>" Williams v. Kaufman County 352 F.3d. 994, 1014-15 (5th Cir. 2003) see e.g., Alex v. Stalder 225 Fed. Appx. 313, 314 (5th Cir. 2007) stating, although not entitled to compensatory damages under §1997e(e) might <u>still be able to recover "nominal damages".</u>

9. Its stated loud and clear in Hutchins 512 F.3d. 193, 198 (5th Cir. 2007), <u>we hold today that Hutchins (a prisoner) may "recover" "nominal" or "punitive damages", despite §1997e(e), if he can successfully prove that McDaniels violated his Fourth Amendment rights.</u>

10/1. The Plaintiff objects to the Defendants statement on page 5, first paragraph, first sentence, which states; Plaintiff Davis does not plead that he was denied procedural due process in the confiscation of his admittedly broken property, but rather uses it as an example of slavery to promote his Thirteenth Amendment claims.

11/2. The Defendants fabricated theory here is only to hide, deceive, and mislead/misguide this Honorable Court from the true allegations and facts the Plaintiff has shown this Honorable Court thus far.

12/3. The true allegations of the Plaintiff's claims is; the Defendant Livingston has wrote a policy (law in T.D.C.J.) that allows his co-workers (T.D.C.J. Correctional Officers) to violate an inmates 5th and 14th Amendment rights. [5th Amendment: nor shall private property be taken for public use without just compensation; 14th Amendment: nor shall any person be deprived of life, liberty, or property, without due

PROCESS OF LAW, BY ANY STATE].

13/4. It has been stated very clearly in Allen V. Thomas 388 F.3d. 147 (5th Cir. 2004) That; Due Process is what applies in a deprivation of personal property of an inmate. The Plaintiff has never said anything such as the Thirteenth Amendment applies to his claim of deprivation of personal property. Please allow the video (F-Pod) testimony at the Spears Hearing held October 27, 2008 to be a witness to the truth.

14/1. The Plaintiff further objects to another statement from the Defendant on Page 5, first paragraph, last sentence, which states; Defendant maintains that the Fifth Circuit did not create any new case law in Allen that bears on the case at hand.

15/2. Once again the Defendant is trying to mislead this Honorable Court by fictitious statements. The Fifth Circuit announced very clearly that; "<u>Existence of adequate State Post Deprivation Remedy did/does not bar Due Process Claim</u>," and this is just what we're talking about in this case, along with, the Defendant's lack of direction and definition of altered personal property of an inmate.

16/3. In the Policy A.D. 03.72 "Offender Property," it is stated very clearly that; Registered Property (such as fan, radio and hot pots etc.) is personal property (Pg. 15, A.D. 03.72). Also, the word altered is "<u>mentioned</u>" on Pg. 1 in the Contraband section, but thats it. The word altered is not defined anywhere in this policy, nor are there any directions or instructions given for the dealing with broken, fractured, or flawed personal property.

17/4. A Statute/Policy (Laws that govern T.D.C.J.) is unconstitutionally

vague if the person regulated by it are exposed to risk of detriment without fair warning or if it invites arbitrary and discriminatory enforcement. Comm'n For Lawyer Discipline V. Benton 980 S.W.2d. 425, 437 (Tex. 1998); Canal Ins. Co. v. Hopkins 238 S.W.3d. 549 (2007).

18/5. The Acts Discussed In Paragraph 17/4 of This Brief Are Exactly Whats Going On In The T.D.C.J. Policy A.D. 03.72 "Offender Property." These Rules Are Suppose To Be Written With A High Regard For An Inmates Constitutional Rights Not To Be Violated. Why? Because The Main Job Of T.D.C.J. Is To Rehabilitate All Inmates To Be Better People Than When They Came Into The System. This Is The Reason For The Funding To Operate T.D.C.J., But What You're Doing Now Is Teaching Us To Extort All That Come Our Way. Because This Is What You're Doing To Us And And The People That Send Us Donations And Gifts.

19/6. It Has Been Thoroughly Discussed In This Brief Paragraphs 8-9 That, "A Prisoner May Recover Nominal Or Punitive Damages For A Constitutional Violation".

20/1. The Defendant Relies Heavily Upon The Affidavit Of Warden K. Wheat. The Plaintiff Will Now Shed Light And Truth On The Topics Discussed In His Affidavit Testimony.

21/2. The Plaintiff Does Not Contend That In Certain Times Strip Searches Are Need In Prison But, You Can Not Conduct A Strip Search/Body Cavity Search Of A Human Being In The Middle Of The Main Hallway And Any Other Public Place In Prison.

22/3. By Law And Common Decency These Acts Are Wrong And Now The Executive Director Must Be Held Liable For His Grave Error of Not

directing these correctional officers about when and where to perform these strip searches/body cavity searches.

23/4. The Policy (A.D. 03.22) Pat Search section is extremely graphic to say the least, its extremely graphic for a reason. That reason is so you will not have to always take/order an inmate to remove all of their clothes. You can find everything you're looking for if the correctional officer followed the Pat Search procedure correctly.

24/5. Warden K. Wheat uses examples of a toothbrush and a fan handle that could easily become weapons. The toothbrushes we have today are three inches or less brush and handle (3"). The fans today have built in handles, if you take the handle, you destroy the fan and the handle would be about three inches (3") as well. By the Warden not giving the actual dimensions of these items seems as though he's trying to mislead this honorable court to the actual truths and facts.

25/6. Not only this but which of these items could not be found by a thorough Pat Search described in the Policy A.D. 03.22. The Defendant Livingston and Warden K. Wheat are trying to pull the wool over the eyes of this honorable court so, the truth cannot be seen, but the plaintiff begs this honorable court to allow a jury to decide who's wrong in this case.

## Conclusion

The facts and truths have been set forth before this honorable court throughout all of these proceedings thus far. The defendant is guilty as sin for the wrongs that he has done against the plaintiff's constitutional rights. The defendant can not rightfully

nor legally justify his actions, he must be held accountable for his actions.

## PRAYER

The Plaintiff prays this Honorable Court grants the Plaintiff to proceed forward toward trial.

Respectfully Submitted,

*Daraglen S. Davis*

Date: March 18, 2009

Daraglen S. Davis
1271774 Y-215B
Route 1, Box 150
Tenn. Colony, Tx. 75884
Pro Se Litigant

## CERTIFICATE OF SERVICE

I, Daraglen Sylvester Davis 1271774, certify that a true and correct copy of this instrument has been placed in the Mail Box for Inmates for the purpose of delivery to Defendant Brad Livingston by the United States Postal Service addressed to: Christopher C. Wike Asst. Attorney General, Capitol Station, Austin, Tx. 78711, Attorney for the Defendant.

EXHIBIT "A"
ONE STATE ISSUED TOOTHBRUSH
ITS WHITE IN COLOR AND 3"
IN TOTAL LENGTH

EXHIBIT "B"
ONE COMMISSARY TOOTHBRUSH
ITS COLOR IS GREEN AND
3" IN TOTAL LENGTH


PLEASE BE ADVISED THAT THE
PLAINTIFF ONLY HAS "ONE" COMMISSARY
TOOTHBRUSH (GREEN) AND IT HAS BEEN
SENT TO THE HONORABLE COURT FOR EX-
AMINATION. AS SOON AS I THE PLAIN-
TIFF CAN OBTAIN A COMMISSARY TOOTH-
BRUSH I WILL SEND IT POSTAGE PAID
TO THE ATTORNEY OF THE DEFENDANT,
BUT THE HONORABLE COURT AND THE
DEFENDANT HAVE BEEN SENT ONE
STATE ISSUED TOOTHBRUSH, ITS WHITE
IN COLOR AND 3" IN TOTAL LENGTH

RESPECTFULLY SUBMITTED,

[signature]

SIMMONS, LAWRENCE
757774 v. 15-3
D.B. Unit Box 158
00911 FM 2821
HUNTSVILLE, TX 77348



United States District
Court For The Eastern District
411 W. Ferguson ST.
Tyler, TX, 75702